CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 15 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WINFORD CLAYTON BARTON,   ) | |
|    Petitioner,   ) | Civil Action No. 7:07-cv-00486 |
| ) | |
| v.   ) | **MEMORANDUM OPINION** |
| ) | |
| COMMONWEALTH OF VIRGINIA,   ) | By: Samuel G. Wilson |
|    Respondent.   ) | United States District Judge |

Petitioner Winford Clayton Barton, a Virginia inmate proceeding pro se, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Barton is challenging the January 5, 2007 revocation of a previously suspended sentence imposed by the Tazewell County Circuit Court for assault and battery and distribution of oxycodone. As grounds for relief, Barton alleges that he was "wrongfully sentenced" and that counsel provided ineffective assistance. The court finds that Barton has failed to exhaust his available state court remedies and, therefore, dismisses his petition without prejudice.

I.

On February 24, 2000, in the Tazewell County Circuit Court, Barton was convicted of assault and battery and sentenced to 12 months, all suspended. Thereafter, on October 16, 2001, in the same court, Barton was convicted of distributing of oxycodone and sentenced to ten years, with eight years suspended. On October 20, 2005, Barton was found guilty of violating his probation and the Circuit Court revoked one year of his suspended sentence. Accordingly, Barton had seven years plus 12-months still suspended. On January 5, 2007, Barton pled guilty to violating his probation again and the Circuit Court revoked three years and 12-months of his suspended sentences. Accordingly, Barton has four years on the oxycodone conviction still suspended.

Barton claims that he appealed the revocation of his suspended sentence to the Virginia Court of Appeals and that appeal is currently pending in that court. He also claims that he filed a motion

for reconsideration to the Tazewell County Circuit Court. However, he concedes that he has not raised any of his claims in the Supreme Court of Virginia. Barton also has not pursued his claims in a state habeas proceeding.

## II.

A federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Preiser v. Rodriguez, 411 U.S. 475 (1973). If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the petition. Slayton v. Smith, 404 U.S. 53 (1971). In Virginia, a non-death row felon ultimately must present his claim to the Supreme Court of Virginia and receive a ruling from that court, before a federal district court may consider his claims. See Va. Code § 8.01-654. In this case, Barton concedes that he has not presented his claims to the Supreme Court of Virginia as required. Furthermore, he may still seek state habeas releif. Accordingly, the court dismisses Barton's petition without prejudice for failure to exhaust state court remedies.

## III.

The Clerk is directed to send a certified copy of this Memorandum Opinion and accompanying Order to the petitioner.

ENTER: This /5th day of October, 2007.

_____
United States District Judge